UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**RAYFIELD J. THIBEAUX**          **CIVIL ACTION NO. 6:14-cv-2409**

**VS.**                           **JUDGE REBECCA F. DOHERTY**

**BURL CAIN**                     **MAGISTRATE JUDGE PATRICK J. HANNA**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Rayfield Thibeaux filed the instant Civil Rights Complaint pursuant to 42 U.S.C. §1983[1] on July 30, 2014. Plaintiff sued Burl Cain, the Warden of the Louisiana State Penitentiary, Angola, Louisiana. He claims that Cain violated his civil rights when Cain was the Warden and plaintiff was an inmate at the Dixon Correctional Institute, Jackson, Louisiana in 1982. According to plaintiff, he was "implanted with a surreptitious monitoring device in the left cheek of [his] rectum while at Dixon Correctional Institute in 1982." Plaintiff seeks compensatory damages, punitive damages, and, unspecified injunctive and declaratory relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED.**

---

[1] Plaintiff cites in passing the Communications Decency Act of 1996, 5 U.S.C. §703, and 21 U.S.C. §§301 and 351.  He offers no explanation as to how these laws relate to his cause of action.  The Communications Decency Act (CDA) was enacted, in part, to promote self-regulation of internet providers, to maintain the robust nature of Internet communication and, to keep government interference therein to minimum. *Zeran v. America Online, Inc*., 129 F.3d 327 (4th Cir. 1997);  *certiorari denied* 118 S.Ct. 2341, 524 U.S. 937, 141 L.Ed.2d 712. Title 5 U.S.C. §703 governs form and venue for judicial review of federal agency actions in the absence of special statutory review mechanisms. Title 21 U.S.C. §301 *et seq*. is the Federal Food, Drug, and Cosmetic Act.

*Law and Analysis*

*1. Venue*

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in Title 28 U.S.C. § 1391.  When a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district <u>where any defendant resides</u>, (2) a judicial district <u>in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or (3) a judicial district <u>in which any defendant may be found</u>, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Clearly the complaint has been filed in a court of improper venue.  Plaintiff sues Burl Cain who resides in Jackson, East Feliciana Parish and can be found at the Louisiana State Penitentiary which is located in West Feliciana Parish. The events giving rise to this claim occurred while plaintiff was incarcerated at Dixon Correctional Center which is located in Jackson, East Feliciana Parish. Both East and West Feliciana Parishes are located within the geographical jurisdiction of the United States District Court for the Middle District of Louisiana. See 28 U.S.C. §98(b).

Ordinarily, the undersigned would recommend transfer of the action to any other district or division where it might have been brought as provided in 28 U.S.C. §1404(a) or §1631. However, it is abundantly clear that the complaint should be dismissed and not transferred because this suit is barred by the statute of limitations.

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations." *Moore*

*v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim accrued by his own admission in 1982. Plaintiff was (or should have been) aware of all the facts necessary to know that his rights were violated in 1982. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in July 2014, clearly beyond the 1-year period of limitations and therefore, is subject to being dismissed as frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983.

*Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief..."). Here, plaintiff allowed a period in excess of 30 years to elapse between the complained of event and

the date he filed his complaint.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that the complaint be **DISMISSED** because it was filed in the wrong venue and because the complaint is barred by the applicable statute of limitations.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette , Louisiana September 15, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: \_\_9/15/2014_____
BY: _____EFA_____
TO: _____RFD_____
        cg